UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANA MARIA RAVINES DE SCHUR; NATHAN SCHUR; and JESSICA JOHANNES,<br><br>                Plaintiffs,<br><br>v.<br><br>LORI BERNTSEN and COLEMAN PLUMMER,<br><br>                Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE**<br><br><br>Case No. 2:22-cv-00013<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiffs Ana Maria Ravines de Schur, Nathan Schur, and Jessica Johannes, proceeding *in forma pauperis*, filed this action against Lori Berntsen and Coleman Plummer. (*See* Compl., Doc. No. 7.) On January 21, 2022, the court identified deficiencies in the complaint and ordered Plaintiffs to file an amended complaint by February 18, 2022. (Order to File Am. Compl., Doc. No. 14.) The court noted failure to file an amended complaint could result in an order or recommendation to dismiss this action. (*Id.*) Plaintiffs did not file an amended complaint by the deadline set in the court's order or anytime thereafter.[1]

---

[1] Plaintiffs have filed several other documents, including an objection to the court's order denying their motion for service, (Doc. No. 16), various motions, (Doc. Nos. 17, 22, and 24), and miscellaneous articles, pamphlets, photographs, and affidavits, (Doc. Nos. 18, 19, and 20). On February 7, 2022, the court issued an order noting none of these documents appeared to be an amended complaint and reiterating the deadline to amend. (Order Regarding Pending Screening Under 28 U.S.C. § 1915, Doc. No. 26). The only document Plaintiffs have filed since that order was entered is a notice of change of address. (*See* Doc. No. 28.)

1

For the reasons explained below, Plaintiffs' complaint fails to state a claim on which relief may be granted. Because Plaintiffs failed to comply with the court's order to amend their complaint, further opportunities to amend would be futile. Therefore, the undersigned[2] recommends the district judge dismiss this action with prejudice.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* (internal quotation marks omitted). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A]

---

[2] On February 9, 2022, this case was transferred to District Judge David Barlow, who referred the case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Order Transferring Cases, Doc. No. 27.)

plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Because Plaintiffs proceed pro se, their filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted). While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

As explained in the court's prior order, Plaintiffs allege generally that Defendants are involved in "sex trafficking, . . . labor traf[f]icking, harass[]ment, [and] hate crimes." (Compl., Doc. No. 7 at 2.) They allege Plaintiff Nathan Schur met Defendant Lori Berntsen through a dating application, and that Ms. Berntsen later sexually assaulted him, filed a false police report about him, threatened him with guns registered to another person, and has "continued harassing [him] and asking for sexual favors." (*Id.* at 3–4, 6.) They allege both defendants filed a

3

protective order against Mr. Schur, "making him fear for his safety in the state of Utah." (*Id.* at 4.) They further allege Ms. Berntsen has "intimidated Mr. Schur and his family in their political asylum case." (*Id.* at 5.) The complaint states Mr. Schur obtained his green card in 2015 and alleges "Ms. Berntsen is now attempting to put a hold on the progression of his citizenship with her attempts to turn [Mr.] Schur into a sexual slave." (*Id.* at 6.) The complaint alleges Plaintiffs Ana Maria Ravines de Schur (Mr. Schur's mother) and Jessica Johannes have been traumatized by Ms. Berntsen's threats against Mr. Schur and by viewing a video of the assault. (*Id.* at 5, 8.)

The complaint purports to bring claims under the following criminal statutes:

- 18 U.S.C. § 249 (providing criminal penalties for hate crimes);
- 18 U.S.C. § 241 (providing criminal penalties for conspiracies to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of rights and privileges under the United States Constitution or federal laws);
- 18 U.S.C. § 1512 (providing criminal penalties for tampering with witnesses, victims, and informants); and
- 18 U.S.C. § 873 (providing criminal penalties for blackmail).

(*See* Compl., Doc. No. 7 at 2, 4–7.) However, none of these statutes provide a private right of action. Without such a right provided in the statute, criminal statutes "cannot be enforced in a private civil action." *Gallacher v. Kisner*, No. 2:08-cv-845, 2009 U.S. Dist. LEXIS 68000, at *13 (D. Utah June 25, 2009) (unpublished). Therefore, Plaintiffs "lack[] standing to assert that a party has violated criminal laws, or to seek criminal prosecution." *Rojas v. Meinster*, No. 19-cv-01896, 2019 U.S. Dist. LEXIS 229829, at *4 (D. Colo. Sept. 10, 2019) (unpublished); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) (finding private individuals cannot compel

4

enforcement of criminal laws). And Plaintiffs cannot recover civil damages for the defendants' alleged violation of a criminal statute. *See Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984).

Plaintiffs also purport to bring a claim under 22 U.S.C. § 7102(9). (*See* Compl., Doc. No. 7 at 2–3.) This provision defines "[m]inimum standards for the elimination of trafficking" under the Trafficking Victims Protection Act of 2000, 22 U.S.C. §§ 7101–10, and does not include a private right of action. *Id.* § 7102(9). The complaint also cites 15 U.S.C. § 1692d, which prohibits debt collectors from engaging in certain harassing and abusive conduct. (*See* Compl., Doc. No. 7 at 2, 5.) But the complaint does not allege the defendants are debt collectors. Finally, the complaint cites 31 U.S.C. § 6711, which prohibits discrimination in programs or activities of local government because of race, color, national origin, or sex. (*See* Compl., Doc. No. 7 at 2, 6.) However, the allegations in the complaint do not relate to programs or activities of local government. Therefore, the complaint fails to state a plausible claim for relief under any of these statutes.

Although not cited in the complaint, Plaintiffs' allegations could be interpreted as an attempt to bring a claim under 18 U.S.C. § 1595, which provides a private right of action for victims of slavery and trafficking:

> An individual who is a victim of a violation of this chapter [18 USCS §§ 1581 et seq.] may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

*Id.* § 1595(a). However, the allegations in the complaint are insufficient to state a claim under this statute. The complaint alleges Mr. Schur was sexually assaulted and harassed, but it does not allege the defendants held him in a condition of peonage, involuntary servitude, or forced

labor. *See id.* §§ 1581 (addressing peonage), 1584 (addressing involuntary servitude), 1589 (addressing forced labor). And a general allegation that Ms. Berntsen is attempting to make Mr. Schur a "sexual slave," (Compl., Doc. No. 7 at 6), is insufficient to allege the defendants are guilty of or benefitted from trafficking him into slavery. *See id.* § 1590 (addressing trafficking with respect to peonage, slavery, involuntary servitude, or forced labor). Additionally, the complaint does not allege that either Ms. Ravines de Schur or Ms. Johannes are victims of slavery or trafficking by the defendants—and 18 U.S.C. § 1595 only provides a private right of action for victims. For these reasons, the complaint fails to state a claim under 18 U.S.C. § 1595. And the court is unable to conceive of any other federal cause of action under which the complaint could state a claim.

For these reasons, Plaintiffs' complaint fails to state a plausible claim for relief under Rule 12(b)(6). Because Plaintiffs failed to comply with the court's order to amend their complaint, further opportunities to amend would be futile, and dismissal with prejudice is appropriate.

## RECOMMENDATION

Where Plaintiffs' complaint fails to state a plausible claim for relief under Rule 12(b)(6), and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action with prejudice. The court will send this Report and Recommendation to Plaintiffs, who are notified of their right to object to it. Plaintiffs must file any objection

within fourteen (14) days of service. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of April, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge