UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANA MARIA RAVINES DE SCHUR; NATHAN SCHUR; and JESSICA JOHANNES,<br><br>Plaintiffs,<br><br>v.<br><br>LORI BERNTSEN and COLEMAN PLUMMER,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SEAL CASE<br>(DOC NO. 50)<br><br>Case No. 2:22-cv-00013<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiffs Ana Maria Ravines de Schur, Nathan Schur, and Jessica Johannes filed this action against Lori Berntsen and Coleman Plummer, generally alleging Defendants are involved in "sex trafficking, . . . labor traf[f]icking, harass[]ment, [and] hate crimes."[1] After Plaintiffs' case was dismissed with prejudice,[2] Defendant Lori Berntsen filed a motion to seal the case in its entirety.[3] Because Ms. Berntsen has not shown an interest significant enough to outweigh the presumption in favor of public access to court records, her motion is denied.

---

[1] (Compl., Doc. No. 7 at 2.)

[2] (*See* R. & R. to Dismiss Action With Prejudice ("R. & R."), Doc. No. 29; Order Adopting R. & R., Doc. No. 36.)

[3] (Mot. to Seal Case and Make It Private ("Mot. to Seal"), Doc. No. 50.)

1

BACKGROUND

In this case, Plaintiffs alleged Nathan Schur met Ms. Berntsen through a dating application and Ms. Berntsen later sexually assaulted him, filed a false police report about him, threatened him with guns registered to another person, and "continued harassing [him] and asking for sexual favors."[4] They alleged both defendants filed a protective order against Mr. Schur, "making him fear for his safety in the state of Utah."[5] They further alleged Ms. Berntsen "intimidated Mr. Schur and his family in their political asylum case."[6] According to the complaint, Mr. Schur obtained his green card in 2015 but Ms. Berntsen then tried to interfere with his citizenship "with her attempts to turn [Mr.] Schur into a sexual slave."[7] Plaintiffs also allege Ana Maria Ravines de Schur (Mr. Schur's mother) and Jessica Johannes were traumatized by Ms. Berntsen's threats against Mr. Schur and by viewing a video of the assault.[8]

The undersigned recommended the district judge dismiss the action because Plaintiffs' complaint failed to state a claim on which relief may be granted.[9] The district judge adopted this recommendation, dismissing the case with prejudice.[10] Nearly a year later, Ms. Berntsen filed a

---

[4] (Compl., Doc. No. 7 at 3–4, 6.)

[5] (*Id.* at 4.)

[6] (*Id.* at 5.)

[7] (*Id.* at 6.)

[8] (*Id.* at 5, 8.)

[9] (*See* R. & R., Doc. No. 29.)

[10] (Order Adopting R. & R., Doc. No. 36.)

pro se motion asking that the case be sealed in its entirety.[11] In the motion, Ms. Berntsen alleges she and her son, Christopher Plummer, have been victims of Mr. Schur's harassment and Ms. Berntsen is the repeated victim of domestic violence by Mr. Schur.[12] She asserts she has a protective order against Mr. Schur, which he has violated.[13] She contends her request is justified by local rules permitting the redaction of personal identifiers and the filing of motions to strike improper evidence.[14]

## LEGAL STANDARDS

At the outset, pro se filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[15] Still, pro se litigants must "follow the same rules of procedure that govern other litigants."[16] While some allowances must be made for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[17] the court will not "construct a legal theory" on a litigant's behalf.[18]

---

[11] (Mot. to Seal, Doc. No. 50.)

[12] (*Id.* at 3–4.)

[13] (*Id.* at 1–2.)

[14] (*Id.* at 1.)

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[17] *Hall*, 935 F.2d at 1110.

[18] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

With regard to Ms. Berntsen's substantive request, "[c]ourts have long recognized a common-law right of access to judicial records."[19] "Court records are presumptively open to the public" and sealing court documents is "highly discouraged."[20] This "strong presumption" in favor of public access is particularly salient where the documents relate to litigants' substantive legal rights.[21] But the right of access to judicial records is not absolute.[22] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[23] The party seeking to restrict access has the burden of showing "some significant interest that outweighs the presumption."[24]

## ANALYSIS

Ms. Berntsen seeks to seal the entirety of the case, in other words, to restrict public access to all documents in the court's file. However, she has not advanced interests sufficient to outweigh the significant public interest in access to the case or any particular documents in it. Although Ms. Berntsen states an interest in having personal identifiers and protected information redacted, she has not identified any personal identifiers or protected information in any public filings. And although she refers to the rule governing motions to strike improper evidence, this

---

[19] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[20] DUCivR 5-3(a)(1).

[21] *Colony Ins. Co.*, 698 F.3d at 1242.

[22] *Id.* at 1241.

[23] *Id.* (internal quotation marks omitted).

[24] *Id.* (internal quotation marks omitted).

4

case was dismissed with prejudice before reaching any evidentiary stages. There is no evidence to strike. This leaves Ms. Berntsen's general claims that she is a victim of Mr. Schur and has a protective order against him—and that this case constitutes harassment and damages her reputation and that of her son.

There is no question this case involves allegations of a sensitive nature, such as sexual assault. However, in her filing, Ms. Berntsen also makes allegations of sensitive nature against Mr. Schur, including that he has harassed her, violated a protective order, and repeatedly committed domestic violence against her. In other words, the court file contains documents that could prove embarrassing or sensitive to both sides, for different reasons. While it may be difficult to have sensitive information in public view, sealing a case is a drastic remedy. It is a request to make the parties' controversy and the court's rulings disappear entirely from public view.

Ms. Berntsen has not shown she has a protectable privacy interest or that any injury is likely to occur if the file is not sealed. Nor has she established that any right of privacy she may have outweighs the public's presumptive right to the contents of court files. An allegation of continued harassment or reputational damage is insufficient to abrogate the public's right to know what happens in its courts.[25] If such allegations were sufficient to justify sealing a case, most cases would be sealed. By nature, cases involve allegations against a party which the party most often strenuously disagrees with. But the public right of access to judicial records is

---

[25] *Cf. Liberty Mut. Fire Ins. Co. v. Michael Baker Int'l*, No. 2:19-cv-00881, 2022 U.S. Dist. LEXIS 43133, at *3 (D. Utah Mar. 9, 2022) (unpublished) ("[T]he presence of embarrassing and inflammatory facts in a case is not, without more, a qualifying countervailing interest." (citation omitted)).

premised on the idea that the public must be able to evaluate a court's decision-making process.[26]  Ms. Berntsen has not demonstrated a countervailing interest sufficient to overcome the presumption of open access.  Accordingly, her motion to seal the case[27] is denied.

DATED this 4th day of January, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[26] *See United States v. McVeigh*, 119 F.3d 806, 814 (10th Cir. 1997); *see also United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

[27] (Mot. to Seal, Doc. No. 50.)